UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO ZAVALA, et al.,<br>Plaintiffs,<br>v.<br>R-N-R VINEYARD, INC, et al.,<br>Defendants. | No. 2:24-cv-02010 DC SCR<br><br>ORDER |

Before the Court are Defendants' Motion for Protective Order, to Compel, and for Sanctions (ECF No. 39) and Plaintiffs' Motion to Compel Depositions (ECF No. 41). Based on the Joint Statement ("JS") and exhibits the parties filed on July 8, 2026 (ECF No. 47), the Court heard the motions on September 10, 2026. Incorporating the reasoning the Court articulated at the hearing, the Court now resolves some of the disputes while reserving resolution of most of the sanctions requests for a future order.

"Forensic Preservation and Neutral Examination; Rule 45 Carrier Subpoenas; Continued Stay Pending Examination" (JS Section VI.A) – GRANTED in part. To the extent they have not already done so, Plaintiffs shall identify and preserve all devices and messaging accounts used by Plaintiffs Fidel Arellano and Antonio Zavala, their families, and Plaintiffs' counsel on May 18 and 19, 2026, and identify the relevant carriers. To the extent Plaintiffs have not already done so, Plaintiffs shall produce all messages Plaintiffs Arellano and Zavala sent and received during the depositions that took place on May 18 and 19, 2026, along with the associated metadata for those

messages. The parties will meet and confer as to the process for metadata extraction, but Plaintiffs shall bear any associated fees and costs. Defendants are authorized to subpoena the relevant carriers for all non-content transactional records. This authorization extends to any corporate owners or custodians of messaging platforms not associated with mobile carriers (e.g., Meta if WhatsApp was used).

Defendants' motion to reopen the deposition of Plaintiff Zavala (JS Section VI.B) – GRANTED, as limited in Defendants' portion of the JS (ECF No. 47 at 18). Specifically, Defendants may depose Plaintiff Zavala for up to three hours, but such deposition is limited to subject areas previously foreclosed or affected by Plaintiffs' counsel's objections. During the hearing, Defendants requested that Plaintiffs' counsels' objections not be translated into Spanish, Zavala's native language, during the deposition. That request is denied, in order to ensure Zavala can fully participate in his own deposition. However, Plaintiffs' counsel is admonished to avoid "speaking objections." *Timeless Prod. FZ LLC v. Baker*, 350 F.R.D. 638, 639 (N.D. Cal. 2026) ("Rule 30 requires that objections 'be stated concisely in a nonargumentative and nonsuggestive manner.' Fed. R. Civ. P. 30(c)(2). Speaking objections are those not confined to their basis (e.g. 'compound' or 'asked and answered'), which are improper and tantamount to coaching a witness."). The parties shall also meet and confer as to any protocols for objections that would minimize the disruption that they might otherwise create. Plaintiffs shall bear the costs of Zavala's further deposition, but are not obligated at this time to pay Defendants' attorneys' fees for such deposition.

Defendants' request to order a precise sequence of the remaining depositions (JS Section VI.C) – DENIED in large part. The deposition of Defendants' Rule 30(b)(6) deponent may be delayed until after the deposition of all of the plaintiffs and of Plaintiffs' third-party fact witnesses. There is not good cause to delay the deposition of Defendants' other witnesses.

The deposition notices for Marcelo Meza, Rhonda Machado, Russel Machado, Matthew Machado, and Colton Machado have expired. As these depositions must be re-noticed, the motion to quash the stale notices – DENIED AS MOOT (JS Section VI.D).

Defendants' motion to quash the deposition notices of Rule 30(b)(6) deponents for

Defendant R-N-R Vineyards and Winery, LLC – DENIED (JS Section VI.E). The parties agree, however, that Plaintiffs primarily seek on-the-record confirmation that R-N-R Vineyards Winery, LLC is not involved with the allegations underlying this action. Defendants further represent that this would be the same deponent to be designated for the Rule 30(b)(6) deposition for Defendant R-N-R Vineyard, Inc. These Rule 30(b)(6) depositions may be consolidated into a single deposition, provided that the deponent clarifies at which point they are providing an answer as to which Defendant.

Defendants' motion to narrow the scope of Rule 30(b)(6) deposition topics – DENIED (JS Section VI.F), except that Topic 17, "All witnesses and evidence as to YOUR affirmative defenses[,]" shall be limited to witnesses and evidence "known by the entity" so as to not seek information covered by the attorney work product doctrine (ECF No. 47 at 49).

Plaintiffs' motions to compel the two Rule 30(b)(6) depositions and the five individual depositions – DENIED AS MOOT (JS Section VII.A & VII.B), as those depositions must be re-noticed in a manner consistent with the direction provided as to Defendants' related motions. *See supra*.

During the hearing, the parties anticipated the need for ad hoc telephonic informal discovery conferences to resolve objections raised, or motions brought under Fed. R. Civ. P 30(d)(3), during future depositions, including but not limited to Zavala's reopened deposition. The parties may coordinate with the courtroom deputy to schedule these depositions for a time when the undersigned is available for such a telephonic conference.

Aside from the reasonable costs associated with metadata extraction from Plaintiffs' devices, and the reasonable costs of the further deposition of Zavala as authorized in this order, both of which shall be borne by Plaintiffs, the Court will issue further order as to the parties' requests for sanctions.

IT IS SO ORDERED.

DATED: September 15, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE